UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN ALTIMUS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAINT-GOBAIN CORP. OF NORTH AMERICA,<br><br>　　　　　　Defendant. | No. 1:17-cv-01271-DAD-EPG<br><br>ORDER GRANTING MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT<br><br>(Doc. No. 5) |

This matter came before the court on November 14, 2017, for hearing on defendant's motion to dismiss for failure to state a claim and motion for a more definite statement. (Doc. No. 5). Attorney Kelsey A. Webber appeared telephonically on behalf of defendant. Plaintiff did not file any written opposition to the pending motion to dismiss[1] and did not appear at the hearing. For the reasons set forth below, the court grants defendant's motion to dismiss and motion for a more definite statement.

/////

/////

/////

---

[1] However, on November 13, 2017, plaintiff did file with the court a stipulation to elect referral of this action to the court's Voluntary Dispute Resolution Program (VDRP), a consent to magistrate judge jurisdiction under 28 U.S.C. § 636, and a certificate of service with respect to his complaint filed in state court reflecting service on defendant by mail on August 23, 2017.

1

**BACKGROUND**

Plaintiff Justin Altimus brings this action against his former employer, defendant Certainteed Corporation and in his complaint alleges as follows.[2] Plaintiff began working for defendant on or around July 2014. (Doc. No. 1-1 ¶ 5.) Plaintiff's supervisors were Kenny Dingler Sr. and Troy Cook. (*Id.* ¶¶ 6, 9.) Beginning in or around January 2015, plaintiff claims that he was harassed and wrongly "written up" by his supervisors for purported attendance infractions (*id.* ¶¶ 6, 8, 9–11) and other purported job performance mistakes (*id.* ¶¶ 12, 15–17). On or around August 1, 2015, Cook falsely told other employees that he had witnessed plaintiff "bent over in a sexual manner with another employee" during an overnight shift. (*Id.* ¶ 18.) On or around August, 3, 2015, plaintiff reported Cook's statement to Dingler Sr., but Dingler Sr. took no further steps to investigate. (*Id.* ¶¶ 19, 24, 30.) According to plaintiff, Dingler Sr. took retaliatory actions against plaintiff for reporting the sexual harassment, including but not limited to denying plaintiff training opportunities in favor of less senior employees (*id.* ¶¶ 20–21), and denying plaintiff bereavement leave following the death of a family member (*id.* ¶ 23).

According to the complaint, due to plaintiff's family tragedy and the stressful workplace environment, plaintiff took medical leave beginning in February 2016. (*Id.* ¶ 24.) The complaint is unclear about the next sequence of events. Plaintiff claims that he was terminated from his employment in January 2017, but apparently was reinstated after he obtained and provided an updated doctor's note authorizing his continued medical leave. (*Id.* ¶ 29.) Following further disputes with defendant's human resources department regarding his employment status over the subsequent months (*id.* ¶ 31), plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in April 2017. (*Id.* ¶ 33.) Plaintiff claims that defendant was aware of the EEOC complaint when it sent a letter to him in May 2017 claiming that plaintiff had abandoned his employment. (*Id.* ¶ 34.)

On April 19, 2017, the EEOC issued plaintiff a notice of right to sue. (Doc. 1, Ex. 17.) On July 27, 2017, plaintiff filed a complaint against Saint-Gobain Corporation of North America

---

[2] In its motion to dismiss, defendant asserts that it is erroneously sued as "Saint-Gobain Corporation of North America."

in Madera County Superior Court. (Doc. No. 1-1.) The complaint alleges seven causes of action for: 1) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); 2) violation of the Occupational Safety and Health Act ("OSHA"); 3) violation of the National Labor Relations Act ("NLRA"); 4) violation of California Civil Code §§ 45–47; 5) violation of Assembly Bill 2053, Chapter 306; 6) violation of California Government Code §§ 12940–12950.1; and 7) violation of defendant's Hourly Employee Handbook. (*Id.*) On September 29, 2017, defendant filed a motion to dismiss plaintiff's claims brought under OSHA, NLRA, Assembly Bill No. 2053, and defendant's employee handbook. (Doc. No. 5.) Defendant concurrently filed a motion for a more definite statement with respect to plaintiff's claims brought under Title VII, California Civil Code §§ 45–47, and California Government Code §§ 12940–12950.1. (*Id.*) As noted above, plaintiff did not file any written opposition to the motions and did not appear at the properly noticed hearing on those motions.

**LEGAL STANDARDS**

**A. Standard for Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788

F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**B. Standard for Motion for A More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement if the pleading is "so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In moving for a more definite statement, the party "must point out the defects complained of and the details desired." *Id.* Such motions are "not favored by the courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1154 (N.D. Cal. 2011) (quoting *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 629 (D. Ariz. 1994)). Finally, motions for a more definite statement "should not be granted unless the defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a), which allows pleadings that simply contain a "short and plain statement of the claim." *Id.*

/////
/////
/////
/////

4

## DISCUSSION

I. **Motion to Dismiss**

a. Violation of Occupational Safety and Health Act

Plaintiff brings his second cause of action under OSHA. (Doc. No. 1-1 ¶ 37.) The complaint alleges that "[o]n or around June 2015, Supervisor/Tony Cook violated Occupational Safety and Health Act(OSHA) [sic] federal law by not providing requirements for work related situations." (*Id.* ¶ 14.) The complaint notes that plaintiff was left working two stories underground "with no harness, spotter or radio," and that plaintiff later expressed to his supervisor his "concerns of the unsafe situation." (*Id.*)

OSHA, however, does not provide a private right of action for employees to bring claims in federal court based on alleged violations of its provisions or regulations. *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed. App'x 685, 687 (9th Cir. 2008) ("OSHA does not provide a private cause of action.").[3] Rather, "OSHA creates an *intra-agency mechanism* by which an alleged violation can be raised by a private actor, . . . suggesting that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court." *Id.* (emphasis added). Plaintiff had the right to file a complaint with OSHA and request an inspection of his workplace if he believed there to be a violation of OSHA standards or other serious hazards. Because plaintiff's claim for an alleged OSHA violation is not properly before this court, it will be dismissed with prejudice.

b. Violation of National Labor Relations Act

Plaintiff alleges his third cause of action under the NLRA. (Doc. No. 1-1 ¶ 38.) Section 7 of the NLRA protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. Section 8 of the NLRA prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158(a)(1)–(3). The NLRA only protects concerted activities, in which an employee acts "with or on behalf of other employees, and not

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

solely by and on behalf of the . . . employee himself." *NLRB v. Mike Yourosek & Son., Inc.*, 53 F.3d 261, 264 (9th Cir. 1995).

Plaintiff alleges that defendant violated the NLRA by taking adverse employment actions against him—including denial of training and promotion opportunities—as retaliation for plaintiff's complaint of sexual harassment. (Doc. No. 1-1 ¶¶ 20–22.) Notwithstanding whether these facts may support an NLRA claim, the claim is not properly before this court. Both the state and federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB") in cases involving either an actual or an arguable violation of either Section 7 or 8 of the NLRA. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959); *see also Cardenas v. U.P.S., Inc.*, No. CV10-6132 ODW (CWx), 2010 WL 5116343, at *4 (C.D. Cal. 2010) ("Where it is not clear whether particular conduct is protected, prohibited, or left to state regulation by the NLRA, the courts must stay their hand, because courts are not the primary tribunals to adjudicate such issues, which must be left in the first instance to the NLRB.") (citing *Int'l Bhd. of Boilermakers, etc. v. Hardeman*, 401 U.S. 233 (1971)).

Based upon these authorities, plaintiff's cause of action brought pursuant to the NLRA will also be dismissed with prejudice.

c. <u>Violation of Defendant's Employee Handbook</u>

Plaintiff's seventh cause of action is brought pursuant to defendant Certainteed's "Hourly Employee Handbook. (Doc. No. 1-1 ¶ 42.) Plaintiff's complaint claims that, on numerous occasions, defendant took adverse actions against plaintiff in violation of defendant's employee handbook. Defendant contends that this claim should be dismissed because it lacks a cognizable legal theory. (Doc. No. 5 at 6.) That argument is persuasive.

Plaintiff does not state a plausible claim for relief, absent any allegation that the employee handbook operated as an employment contract, or that there were other circumstances surrounding the employment relationship indicating that the parties had an implied-in-fact agreement that plaintiff's employment was not at-will. *See Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1271 (9th Cir. 1990) ("In California, employment is presumed to be 'at will,' and an employee can be fired without good cause, unless there exists an express or

implied contract that restricts the employer's right to terminate the employee."). Moreover, at the November 14, 2017 hearing on the pending motions, counsel for defendant represented that, to his knowledge, the employee handbook did not constitute a contract and that plaintiff never signed anything indicating that it was a contract.

Accordingly, plaintiff's cause of action brought pursuant to defendant's employee handbook will be dismissed with leave to amend, should plaintiff be able to allege additional facts indicating that the employee handbook operated as a contract between the parties that was subject to breach.

## II. Motion for A More Definite Statement

### a. Violation of Title VII

Plaintiff's first cause of action is brought under Title VII. (Doc. No. 1-1 ¶ 36.) Defendant contends that it lacks fair notice of what legal theories the plaintiff wishes to pursue with respect to this claim and therefore cannot sufficiently respond to the complaint. (Doc. No. 5 at 7.) The complaint sporadically mentions discrimination on the basis of sex, race, color, sexual harassment, and retaliation, without making intelligible whether plaintiff intends to pursue some or all of these theories of discrimination. Because different requirements and defenses are applicable depending on what basis plaintiff grounds his Title VII claim, defendant's motion for more definite statement with respect to this cause of action will therefore be granted.

### b. Violation of California Government Code §§ 12940–12950.1

In his complaint plaintiff also lists a sixth cause of action brought under California Government Code §§ 12940–12950.1.[4] (Doc. No. 1-1 ¶ 41.) Defendant avers that it lacks fair notice of what legal theories plaintiff wishes to pursue with respect to this claim and therefore cannot sufficiently respond to plaintiff's complaint. (Doc. No. 5 at 7.) Sections 12940 through

---

[4] Plaintiff separately lists a fifth cause of action under the heading "Assembly Bill No. 2053, Chapter 306." (Doc. No. 1-1 ¶ 40.) The bill referred to was signed into law in September 2014 and went into effect in January 2015, amending California Civil Code § 12950.1 to require that California employers with 50 or more employees provide training on the "prevention of abusive conduct" along with the sexual harassment training already required by law. Because a claim under Assembly Bill No. 2053, Chapter 306 is subsumed within plaintiff's claim under California Civil Code § 12950.1, the court will not separately address the former in this order.

| | |
|---|---|
| 1 | 12950.1 represent no less than eighteen different provisions regulating various employment |
| 2 | practices—including discrimination, temporary disability, medical leave, child care services, |
| 3 | licensing boards, sterilization, retention of records, and sexual harassment—some of which have |
| 4 | no apparent relevance to the facts as alleged in plaintiff's complaint.  The court finds that this |
| 5 | cause of action is too broad and wide-ranging as presently alleged to alert defendant to the claims |
| 6 | that plaintiff wishes to pursue.  Defendant's motion for a more definite statement with respect to |
| 7 | plaintiff's claims under California Government Code §§ 12940–12950.1 will, therefore, also be |
| 8 | granted. |

          c. <u>Violation of California Civil Code §§ 45–47</u>

Finally, plaintiff alleges a fourth cause of action brought under California Civil Code §§ 45–47.  (Doc. No. 1-1 ¶ 39.)  These sections define libel, slander, and privileged publication or broadcast, respectively.  Defendant argues that these claims are so vague and ambiguous that it cannot reasonably prepare a response.  (Doc. No. 5 at 7.)  The court agrees.  The relevance of each of these sections is not apparent from the face of plaintiff's complaint.  Defendant's motion for more definite statement as to plaintiff's cause of action under California Civil Code §§ 45–47 will also be granted.

**CONCLUSION**

For the reasons set forth above:

1. Defendant's motion to dismiss (Doc. No. 5) is granted;
2. Defendant's motion for a more definite statement (Doc. No. 5) is granted;
3. Plaintiff is granted leave to file an amended complaint with respect to his claim based upon alleged violation of the provisions of the employee handbook and providing a more

///////
/////
/////
/////
/////
/////

4. definite statement clarifying his allegations pursuant to Title VII, California Government Code §§ 12940–12950.1, and California Civil Code §§ 45–47.[5]

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint and his failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **November 21, 2017**      *Dale A. Drozd*
                                                UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any amended complaint plaintiff elects to file, he must include concise but complete factual allegations describing the conduct and events which underlie his claims and provide a more definite statement of those claims as indicated above.