UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN ALTIMUS,

    Plaintiff,

v.

SAINT-GOBAIN CORP. OF NORTH AMERICA,

    Defendant.

No. 1:17-cv-01271-DAD-EPG

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

(Doc. No. 17)

This matter came before the court on March 6, 2018, for hearing on defendant's motion to dismiss the first amended complaint, and in the alternative, motion for a more definite statement. (Doc. No. 17). Plaintiff appeared telephonically on his own behalf. Attorney Kelsey A. Webber appeared telephonically on behalf of defendant.[1] At the conclusion of the hearing, the matter was taken under submission. For the reasons set forth below, the court grants in part and denies in part defendant's motion to dismiss.

**BACKGROUND**

**A. First Amended Complaint**

The first amended complaint alleges as follows. Plaintiff began working for defendant on or around July 2014. (Doc. No. 15 at ¶ 1.) Beginning in or around January 2015 through at least

---

[1] Defendant Certainteed Corporation asserts that it is erroneously sued herein as "Saint-Gobain Corporation of North America."

1

February 2016, plaintiff was verbally reprimanded and/or wrongly "written up" by his supervisors for various job-related infractions, including tardiness, taking more time than allowed on breaks, "talking too much," and not wearing ear plugs as required on the job. (*Id.* at ¶¶ 4–7, 10–13.)

On or around August 1, 2015, the "B Team" supervisor "intentionally/maliciously spread rumors" to other employees that he had witnessed plaintiff "bent over in a sexual manner with another employee" during an overnight shift. (*Id.* ¶ 14.) On or around August 3, 2015, plaintiff reported the rumor, which he perceived as sexual harassment, to his immediate supervisor. (*Id.* at ¶ 15.) In response, plaintiff's immediate supervisor laughed and stated that he would talk to the "B Team" supervisor. (*Id.*) Plaintiff's immediate supervisor subsequently took retaliatory actions against plaintiff for reporting the claimed sexual harassment, including denying plaintiff training opportunities in favor of less senior employees. (*Id.* at ¶¶ 16, 17.)

In or around January 2016, plaintiff requested leave to attend a family member's funeral. (*Id.* ¶ 19.) Plaintiff's request for leave was denied. (*Id.*) In or around February 2016, plaintiff took leave from work due to workplace related stress and the recent death in the family. (*Id.* ¶ 20.) While on leave, plaintiff periodically contacted defendant's human resources department, requesting vacation time or disability benefits. (*Id.* ¶ 21–22.) Plaintiff alleges that it was not until November 2016, when he left a voicemail for human resources demanding his vacation time, that human resources finally acquiesced. (*Id.*)

On January 18, 2017, plaintiff received a letter indicating that he was being terminated. (*Id.* at ¶ 23.) Plaintiff called defendant's human resources department to ask why he was being fired, and alleges that defendant denied having terminated him, but refused to answer whether plaintiff was still employed. (*Id.* at ¶ 25.) Defendant's human resources department then asked plaintiff to submit an updated note from plaintiff's doctor authorizing continued medical leave due to stress, which plaintiff did. (*Id.*)

In February 2017, plaintiff reached out to the other employee implicated in the alleged sexually harassing statement. (*Id.* ¶ 26.) The other employee indicated that no one had approached him to investigate plaintiff's allegations. (*Id.*) Plaintiff filed a charge of
/////

2

discrimination with the Equal Employment Opportunity Commission ("EEOC") in April 2017. (*Id.* ¶ 29.) The same month, the EEOC issued plaintiff a notice of right to sue. (*Id.*)

On or around May 2017, plaintiff alleges that he received a letter from defendant "harassing him of his employment status." (*Id.* at ¶ 30.) Plaintiff alleges that human resources had become aware of the EEOC complaint, and had sent a letter to plaintiff claiming that plaintiff had abandoned his employment. (*Id.*) Plaintiff asserts that, as of the filing of his amended complaint in this action, he is still uncertain what his employment status is with defendant, and that defendant has not reached out to him to coordinate the return of personal property left in his workplace locker. (*Id.* at ¶ 31–32.)

**B. Procedural History**

On November 22, 2017, this court granted defendant's motion to dismiss with respect to certain causes of action and granted defendant's motion for a more definite statement with respect to other causes of action. (Doc. No. 13.) Specifically, the court dismissed plaintiff's claims under the Occupational Safety and Health Act and the National Labor Relations Act with prejudice, and dismissed plaintiff's claim under defendant's Hourly Employee Handbook with leave to amend. (*Id.*) The court further granted defendant's motion for a more definite statement with respect to plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), California Government Code §§ 12940–12950.1, and California Civil Code §§ 45–47. (*Id.*) The court granted plaintiff thirty days to file an amended complaint.

Plaintiff filed his first amended complaint on December 29, 2017. (Doc. No. 15.) Defendant filed a motion to dismiss the first amended complaint, and in the alternative, motion for more definite statement, on January 12, 2018. (Doc. No. 17.) Plaintiff filed his opposition on February 15, 2018 (Doc. No. 22), and defendant filed its reply on February 27, 2018 (Doc. No. 23).

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the

3

absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

Plaintiff's amended complaint alleges claims under: (1) Title VII; (2) California Civil Code §§ 45–47; (3) California Government Code §§ 12945.2, 12946, 12950, and 12950.1; and (4) the CertainTeed Hourly Employee Handbook. (Doc. No. 15.) Plaintiff filed his amended complaint on December 29, 2017, after the 30-day deadline ordered by the court in its November 22, 2017 order had expired. (Doc. No. 13 at 9.) Although plaintiff's amended complaint was untimely filed, in the interest of fairness and justice, and in consideration of plaintiff's *pro se*

/////

status, the court will not dismiss plaintiff's case on that basis alone, and will instead address the arguments presented in defendant's motion to dismiss.

### A. Title VII

Defendant argues that plaintiff's Title VII cause of action should be dismissed because plaintiff fails to state a claim and fails to provide notice of what legal theories he wishes to pursue. (Doc. No. 17 at 7.) Plaintiff's opposition, however, clarifies that "sexual harassment is sex discrimination" under Title VII. (Doc. No. 23 at 6.) Moreover, at the March 6, 2018 hearing on the pending motion, plaintiff confirmed that his Title VII cause of action was based on an allegation of sexual harassment, and his subsequent termination in retaliation for reporting the sexual harassment. With that clarification, the court finds that plaintiff has given fair notice to defendant of the nature of his Title VII claim, and defendant's motion to dismiss plaintiff's Title VII cause of action will therefore be denied.

### B. California Civil Code §§ 45–47

Defendant next moves to dismiss plaintiff's causes of action brought pursuant to California Civil Code §§ 45, 46, and 47.

#### 1. Civil Code § 45

Defendant argues that dismissal of plaintiff's cause of action for libel under Civil Code § 45 is warranted because plaintiff fails to state a claim. (Doc. No. 17 at 7.) Civil Code § 45 defines libel as a "false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." In opposition to defendant's motion to dismiss, plaintiff identifies "number 7, page 2, line 21" of his amended complaint as sufficient to state a claim under Civil Code § 45. (Doc. No. 22 at 6–7.) There is, however, no "number 7" appearing on page 2 of plaintiff's amended complaint. Moreover, at line 21 of page 2 of the amended complaint it is alleged that, before an employee switches from a twelve-hour work day to an eight-hour work day, the employee must sign a new contract to receive the new pay grade. (Doc. No. 15 at ¶ 5.) That allegation does not, on its face, state a claim for libel.

5

In his opposition to the pending motion plaintiff states that he seeks further leave to amend the complaint should the present allegations be found insufficient to state a claim under Civil Code § 45. (Doc. No. 22 at 6–7.) However, the court has already provided an opportunity for plaintiff to amend his complaint in this regard. After careful consideration of plaintiff's arguments at the hearing on the pending motion and in his written opposition thereto, the court concludes that the granting of further leave to amend in this regard would be futile. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend should be freely given, the court does not have to allow futile amendments). Here, the deficiencies with respect to his claim under Civil Code § 45 were fully explained in the court's prior order dismissing plaintiff's original complaint (*see* Doc. No. 13), and plaintiff has provided no indication that he is capable of remedying those deficiencies.

2. Civil Code § 46

Defendant further argues that plaintiff has failed to specify the alleged defamatory statement at issue, and thus, his slander claim under Civil Code § 46 must be dismissed. (Doc. No. 17 at 8.) Pursuant to Civil Code § 46, slander is defined as:

> [A] false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
>
> 1. Charges any person with crime, or having been indicted, convicted, or punished for crime;
>
> 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;
>
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the officer or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
>
> 4. Imputes to him impotence of a want of chastity; or
>
> 5. Which, by natural consequence, causes actual damage.

Under California law, to state a claim for slander, a plaintiff must allege and ultimately establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637,

6

645 (1999). "Publication" in this context means "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id.*

In his amended complaint, his opposition to the pending motion, and in his argument at the hearing, plaintiff has sufficiently identified that the claimed defamatory statement is the allegedly false statement by his Team B supervisor to other employees that he had witnessed plaintiff "bent over in a sexual manner with another employee" during an overnight shift. The court finds that this allegation is sufficient at the pleading stage to state a claim for slander. Accordingly, defendant's motion to dismiss the claim for slander under Civil Code § 46 will be denied.

### 3. Civil Code § 47

Defendant also moves to dismiss plaintiff's claim under Civil Code § 47, which defines when a privileged publication or broadcast is made. (Doc. No. 17 at 8.) Plaintiff's complaint makes no allegations that a privileged publication or broadcast was made. It is moreover unclear how a claim under § 47 would relate to plaintiff's claims for libel and slander, which must be based on *unprivileged* publications. *See* Civil Code §§ 45, 46 (defining libel and slander as an unprivileged publication). Finally, because plaintiff's opposition fails to respond to defendant's motion in this regard, the court will dismiss plaintiff's claim brought under Civil Code § 47 with prejudice.

**C.    California Government Code §§ 12945.2, 12946, 12950, and 12950.1**

Defendant next moves to dismiss plaintiff's causes of action pursuant to California Government Code §§ 12945.2, 12946, 12950, and 12950.1. (Doc. No. 17 at 8–10.)

### 1. Government Code § 12945.2

Government Code § 12945.2 pertains to family care and medical leave, and contains subsections (a) through (t), with even more subsections nested therein. Defendant argues that it is unclear what legal theory plaintiff wishes to pursue in advancing this claim, and that this claim should therefore be dismissed with prejudice. (*Id.* at 8.) Section 12945.2 identifies various unlawful employment practices with respect to family care and medical leave. Although

plaintiff's amended complaint alleges that he was denied leave to attend a family member's funeral, he does not allege with any specificity in what way that denial was in violation of § 12945.2. At the hearing on the pending motion, plaintiff stated that the denial of his request to attend a funeral was the only factual allegation undergirding this cause of action. The court concludes that plaintiff has not alleged sufficient facts to provide defendant fair notice of what legal theory he intends to pursue with respect to this claim, and that his conclusory allegation is otherwise insufficient to state a claim under this statute. The court will therefore dismiss plaintiff's claim pursuant to § 12945.2.

2. Government Code § 12946

Government Code § 12946 provides that it shall be an unlawful practice for employers:

> to fail to maintain and preserve any and all applications, personnel, membership, or employment referral records and files for a minimum period of two years after the records and files are initially created or received, or for employers to fail to retain personnel files of applicants or terminated employees for a minimum period of two years after the date of the employment action taken.

The only allegations in the complaint relating to records are that plaintiff asked defendant's human resources department "for his employee records and write ups be emailed to him," and that "Plaintiff received on or around December 2017, emails of a pay-stub is ready [sic] to be viewed from defendants but no access is being granted to that pay-stub." (Doc. No. 15 at ¶¶ 25, 31.) Even assuming the truth of these allegations, there are no factual allegations in plaintiff's amended complaint to suggest that defendant failed to maintain and preserve applications, personnel, membership, or employment referral records and files for the minimum statutory period, or that defendant failed to retain personnel files of applicants or terminated employees for the minimum statutory period. For this reason, plaintiff's claim brought pursuant to § 12946 will be dismissed.

3. Government Code § 12950

Government Code § 12950 provides that "every employer shall act to ensure a workplace free of sexual harassment by implementing the following minimum requirements," including displaying a poster, provided by the Department of Fair Employment and Housing ("DFEH"),

8

with information on discrimination in employment and the illegality of sexual harassment. Cal. Gov. Code § 12950(a)(1). Each employer must also obtain from DFEH an information sheet on sexual harassment to be distributed to employees, unless the employer provides equivalent information in another form. Cal. Gov. Code § 12950(b). Defendant moves to dismiss this cause of action on the basis that plaintiff has failed to provide fair notice of what legal claims he wishes to pursue under this provision, and that plaintiff has otherwise failed to plead any facts that would support a claim under that statute. (Doc. No. 17 at 9–10.) Though the court disagrees that plaintiff's allegations in support of this claim fail to provide fair notice to defendant, the court does find that there are no factual allegations in the amended complaint to suggest a plausible violation of this provision. Plaintiff's claim brought pursuant to § 12950 will therefore be dismissed.

### 4. Government Code § 12950.1

Government Code § 12950.1 sets forth minimum training and education requirements for supervisory employees regarding sexual harassment, prevention of abusive conduct, and harassment based on gender identity, gender expression, and sexual orientation. Cal. Gov. Code §§ 12950.1(a)–(c). Defendant again moves to dismiss this cause of action on the basis that plaintiff has failed to provide fair notice of what legal claims he wishes to pursue under this section, and that plaintiff has otherwise failed to plead any facts that would support a claim under this section. (Doc. No. 17 at 10.)

The court again disagrees with defendant's contention that plaintiff's stated cause of action fails to provide defendant with fair notice of the claim, but nonetheless concludes that there are no factual allegations in the amended complaint to suggest a plausible violation of this provision. Plaintiff's claim pursuant to § 12950.1 will therefore also be dismissed.

### 5. Leave to Amend

The court previously granted plaintiff leave to amend his cause of action alleging violations of a wide range of provisions under the Government Code. (Doc. No. 13 at 7–8.) Although plaintiff's amended complaint now identifies specific provisions under the Government Code, the court finds that the amended complaint still lacks any factual allegations supporting a

plausible violation of those provisions.  Plaintiff has presented nothing to indicate that he is capable of remedying the noted deficiencies.  The granting of any further leave to amend plaintiff's claims under Government Code §§ 12945.2, 12946, 12950, and 12950.1 would therefore be futile.  *See Klamath-Lake Pharm. Ass'n*, 701 F.2d at 1293.  These claims will therefore be dismissed with prejudice.

**D.    Employee Handbook**

Plaintiff's final cause of action is pursuant to defendant's "Hourly Employee Handbook." (Doc. No. 15 at 8.)  Plaintiff's complaint claims that, on numerous occasions, defendant violated policies included its own employee handbook.  (*See, e.g.*, *id.* at ¶¶ 3–8.)  Defendant contends that this claim should be dismissed because plaintiff fails to allege that the handbook constituted an express or implied contract that restricted defendant's right to terminate plaintiff.  (Doc. No. 17 at 11.)

The court previously dismissed this cause of action with leave to amend, inviting plaintiff to allege additional facts indicating that the handbook operated as a contract between the parties. (Doc. No. 13 at 6–7.)  The amended complaint offers no such factual allegations.  Having already granted plaintiff leave to amend, the court finds that the granting of further leave to amend this cause of action would be futile.  *See Klamath-Lake Pharm. Ass'n*, 701 F.2d at 1293.  Lacking any allegations as to what policies defendant purportedly violated, and lacking any factual allegations that the employee handbook operated as a contract, this claim will be dismissed with prejudice.

**CONCLUSION**

For these reasons the court grants in part and denies in part defendant's motion to dismiss (Doc. No. 17) as follows:

1. Defendant's motion to dismiss is denied as to plaintiff's Title VII and Civil Code § 46 causes of action;

/////
/////
/////
/////

2. Defendant's motion to dismiss is granted as to plaintiff's remaining causes of action under Civil Code §§ 45 and 47, Government Code §§ 12945.2, 12946, 12950, and 12950.1, and pursuant to the employee handbook; and

3. Further leave to amend as to the dismissed causes of action is denied.

IT IS SO ORDERED.

Dated: **June 20, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE